IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES LAKE**, | Case No. 3:21-cv-601-SI |
| Plaintiff and Counterclaim-Defendant, | **OPINION AND ORDER** |
| v. | |
| **JAMES ESPOSITO; LAWRENCE LONERGAN, ESQ.; KEVIN MCDOWELL; VALAIS VENTURES, LLC; INSUPPLY LABS, LLC; SANILUX BRANDS; JOHN DOES 1-6; and XYZ CORPORATIONS 1-6**, | |
| Defendants and Counterclaim-Plaintiffs. | |

James Lake, *pro se*.

Jason E. Hirshon and Seth R. Tangman, SLINDE NELSON, 425 NW Tenth Avenue, Suite 200, Portland, OR 97209. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

      Plaintiff James Lake, proceeding *pro se*, filed this lawsuit against Valais Ventures, LLC (Valais); the members of Valais; and competing businesses InSupply Labs, LLC and Sanilux Brands (collectively, Defendants). Plaintiff's claims arise out of a business venture gone awry. Plaintiff alleges that he formed Valais, a hemp biomass processing company, with Defendant

PAGE 1 – OPINION AND ORDER

James Esposito. Plaintiff alleges that throughout their business relationship, Esposito misrepresented his ability to process hemp biomass and in so doing, fraudulently induced Plaintiff to agree to provide the necessary funding to get Valais up and running. Plaintiff asserts various other claims related to this business operation, including attorney malpractice, intentional infliction of emotional distress, and elder abuse. Defendants Esposito and Valais raised two counterclaims in their Answer: breach of contract and breach of fiduciary duty. Plaintiff moves to dismiss both counterclaims.

## STANDARDS

A motion to dismiss for failure to state a claim or counterclaim may be granted only when there is no cognizable legal theory to support the claim or when the complaint or counterclaim lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of factual allegations, the court must accept as true all well-pleaded material facts alleged and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the non-moving party. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint or counterclaim must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff [or counterclaim-plaintiff] pleads factual content that allows the court to draw the reasonable inference that the [other party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted). These principles apply with equal force to claims in a complaint and counterclaims in a responsive pleading. *See Starr*, 652 F.3d at 1216.

## BACKGROUND

The only motion before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims. As such, the Court accepts as true all well-pleaded facts alleged in Defendants' Answer and Counterclaims. Thus, the Court recites only those facts and does not include the contested facts alleged in Plaintiff's Complaint.

In August 2018, James Lake, James Esposito, Brian Steinhauser, and Kevin McDowell formed a hemp biomass processing start-up called "Valais Ventures, LLC," which they registered as a limited liability company (LLC) in Oregon. Plaintiff, Esposito, Steinhauser, and McDowell were all members of Valais. Plaintiff, a licensed attorney, drafted the Member Agreement, and he and the other members signed that agreement. The Member Agreement lists Plaintiff's responsibilities as: "Raw material acquisition; Funding; Sales, Marketing, or as mutually agreed." ECF 14, ¶ 265. The Member Agreement also includes a section titled

"Fiduciary Duties," in which each member agreed to inform Valais of any opportunity that directly competes with Valais. ECF 14, ¶ 267.

Defendants allege that beginning in October 2018, Plaintiff failed to perform his obligations under the Member Agreement. According to Defendants, Plaintiff promised that the "funding" he agreed to provide under the Member Agreement included all funding necessary to get Valais up and running. Defendants further allege that Plaintiff provided less than $200,000 to fund Valais, which was not enough. Plaintiff then allegedly ceased all additional funding in October 2018 and in January 2019 asked the other Valais members to buy out his share in the company. During the next few months, Plaintiff and Esposito negotiated terms of the buyout. Defendants allege that Plaintiff and the Valais members never signed a valid buyout agreement because Plaintiff did not sign a notice of resignation and general release as required under the agreed-upon terms of the buyout.

Defendants allege that Plaintiff then formed a competing venture, Fetch Industries LLC (Fetch), and serves as the managing member and chief executive officer of Fetch. That entity allegedly competes with and provides the same services as Valais. Defendants allege that as a result of Plaintiff's refusal to provide adequate funding to Valais and his decision to start a competing venture while still a member of Valais, Defendants and Counterclaim-Plaintiffs Valais and Esposito sustained at least $1,000,000 in damages.

## DISCUSSION

Plaintiff argues that Defendants Esposito and Valais each lack standing to sue Plaintiff, but even if they did have standing, their counterclaims fail to state a claim. In resolving Plaintiff's motion, the Court only looks to the well-pleaded facts alleged in Defendants' Answer and Counterclaims. *See Wilson*, 668 F.3d at 1140. The Court grants Plaintiff's motion to dismiss Esposito's claims but denies Plaintiff's motion to dismiss Valais's claims.

### A. Standing

#### 1. LLC v. Member

Under Oregon law, an LLC may sue one of its members for breach of a member agreement on the theory that the LLC is an intended third-party beneficiary of the member agreement. In Oregon, a non-signatory to a contract may enforce that contract when the "parties enter into a contract and intend to benefit" the non-signatory. *Drury v. Assisted Living Concepts, Inc.*, 245 Or. App. 217, 221 (2011). Valais and Esposito allege that the parties to the Member Agreement here entered into an agreement to "memorialize their membership duties and responsibilities," which directly benefits Valais. ECF 14, ¶ 264. Defendants also allege that the Member Agreement imposes fiduciary duties on each member, which are owed to Valais. ECF 14, ¶ 267. These facts permit the plausible inference that the parties to the Member Agreement intended to benefit Valais by entering into that agreement. *Grants Pass Imaging & Diagnostic Ctr., LLC v. Marchini*, lends further support to the proposition that an LLC may sue its member for breach of the member agreement. 270 Or. App. 127 (2015). Although the parties did not explicitly raise the argument, the Oregon Court of Appeals in *Grants Pass* took no issue with the fact that the plaintiff was an LLC suing for breach of its operating agreement. *See id.* at 130.

Here, Plaintiff argues that an LLC may not sue a member for breach of a member agreement because Oregon Revised Statues (ORS) § 63.165 protects LLC members from personal liability. ORS § 63.165, however, provides that an LLC member is not personally liable for the obligations of the LLC "solely by reason of being or acting as a member." Here, Defendants assert counterclaims against Plaintiff not solely because he is a member but instead because he allegedly breached his fiduciary duties and duties under the Member Agreement.

Thus, ORS § 63.165 does not bar Defendants' claims against Plaintiff, and Valais has standing to assert its counterclaims against Plaintiff.

### 2. Member v. Member

Plaintiff also argues that Esposito, as a member of Valais, lacks standing to sue Plaintiff because Esposito has not alleged any injury apart from that allegedly suffered by Valais. "In diversity actions, the characterization of an action as derivative or direct is a question of state law." *Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir. 1987). After the claim has been characterized under state law as either direct or derivative, federal procedural rules apply. *Id.* "In federal courts, derivative suits are subject to the procedural requirements of Fed. R. Civ. P. 23.1." *Id.* Under Oregon law, a direct claim asserted by a member of an LLC against another member must allege that he or she suffered a "special injury" apart from any injury to the LLC. *Loewen v. Galligan*, 130 Or. App. 222, 228 (Or. App. 1994) ("If . . . a shareholder has a 'special' injury, then the shareholder has standing to assert a direct claim."); *see also Puri v. Khalsa*, 2017 WL 4476000, at *3 (D. Or. Oct. 5, 2017) (applying the "special injury" rule to Oregon LLCs). If the member does not allege any special injury and brings the claim on behalf of all members to vindicate any harm done to the LLC, that claim is derivative. *See Loewen*, 130 Or. App. at 230 ("Because plaintiffs have not pleaded a special injury, we conclude that the claims they allege are derivative . . . .").

Defendant Esposito has not alleged any special injury and instead alleges damages coextensive with any damages suffered by Valais. *See* ECF 14, ¶ 277 ("Valais and Esposito have sustained damages . . . in no event less than one million dollars."). Esposito's claim is therefore derivative. *See Loewen*, 130 Or. App. at 230. Because Esposito's claim is derivative, Federal Rule of Civil Procedure 23.1 applies. *See Sax*, 809 F.2d at 613.

To state a derivative claim under Rule 23.1, the plaintiff must allege, in a verified pleading: (1) that "the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;" (2) that "the action is not a collusive one to confer jurisdiction that the court would otherwise lack;" and (3) with particularity "any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members" and "the reasons for not obtaining the action or not making the effort." Defendants' Answer is not verified and therefore does not meet that requirement of Rule 23.1. Thus, the Court dismisses Esposito's counterclaims without prejudice and with leave to replead.

**B. Failure to State a Claim**

The Court dismisses Esposito's counterclaims for lack of standing, but Valais's counterclaims remain. The Court therefore considers whether Valais has stated a claim for breach of contract and breach of fiduciary duty.

**1. Breach of Contract**

To state a claim for breach of contract, the plaintiff or counterclaim-plaintiff must allege the "existence of a contract, 'its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff.'" *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570 (1996). Valais alleges that Plaintiff signed the Member Agreement, that Plaintiff's duties under the Agreement included funding Valais and informing Valais of competitive opportunities, that Plaintiff breached these terms, and that Valais suffered damages because of Plaintiff's breach.

Plaintiff argues that there is no enforceable contract because Valais was never a party to the Agreement and Esposito committed a prior material breach by forming a competing venture. As explained above, Valais has alleged facts permitting the plausible inference that Valais was

an intended third-party beneficiary to the Member Agreement. Further, Plaintiff's argument that Esposito committed a prior material breach relies on disputed facts contained in Plaintiff's Complaint. In looking at the facts alleged in Defendants' Answer and Counterclaims, Valais has plausibly alleged the remaining elements of a claim for breach of contract. The Court therefore denies Plaintiff's motion to dismiss Valais's counterclaim for breach of contract.

### 2. Breach of Fiduciary Duty

"To recover for breach of fiduciary duty, the plaintiff [or counterclaim-plaintiff] must prove, one, the existence of a fiduciary relationship between the parties; two, a breach of one or more of the fiduciary duties arising out of that relationship; and three, damage to the plaintiff resulting from a breach of one or more of those duties." *Evergreen W. Bus. Ctr., LLC v. Emmert*, 254 Or. App. 361, 367 (2012), *rev'd on other grounds*, 354 Or. 790 (2014). Valais alleges that Plaintiff was a member of Valais, which created fiduciary duties owed to Valais and the other members; that Plaintiff breached those duties by permanently ceasing his funding of Valais and forming a competing venture; and that Valais incurred resulting damages.

Plaintiff argues he was not a member of Valais at the time of the alleged breach and therefore owed no fiduciary duties to Valais at that time. The parties' briefing on this issue, however, relies on contested facts contained in Plaintiff's Complaint. In looking only to the well-pleaded facts in the Defendants' Answer and Counterclaim, Valais has alleged sufficient facts to support the essential elements of a claim for breach of fiduciary duty. The Court therefore denies Plaintiff's motion to dismiss Valais's counterclaim for breach of fiduciary duty.

### C. Unclean Hands Defense

Plaintiff also argues that the unclean hands doctrine bars both counterclaims. Under Oregon law, however, the unclean hands doctrine is an equitable defense available only to equitable claims. *McKinley v. Weidner*, 73 Or. App. 396, 398, 400 (1985) (stating that the

"'clean hands' doctrine" is an "equitable maxim" and that application of the doctrine to a legal claim is "technically incorrect"). The companion doctrine of *in pari delicto* applies to legal claims seeking compensatory money damages. *Id.* at 400-01 (stating that the unclean hands doctrine's "companion principle" known as *in pari delicto* "may—but not need—be applied to prevent recovery in a law action, when the party against whom it is to be applied is as culpable as, or more culpable than, his opponent").

Valais's counterclaims seek compensatory monetary damages and therefore are legal claims. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) ("[W]hat petitioners in fact seek is nothing other than compensatory *damages*—monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties. Money damages are, of course, the classic form of *legal* relief."); *M.K.F. v. Miramontes*, 352 Or. 401, 414 (2012) ("A claim seeking only monetary compensation for injuries inflicted is an 'action at law' . . . ."). The equitable doctrine of unclean hands therefore does not provide a defense to Valais's legal claims. *See McKinley*, 73 Or. App. at 400-01. Given that Plaintiff proceeds *pro se*, however, the Court will construe his assertion of the unclean hands defense as an assertion of the *in pari delicto* doctrine. Plaintiff, however, makes his "unclean hands" argument largely on the basis of disputed facts and materials beyond Defendants' Answer and Counterclaim. The Court may not resolve those facts at this stage of the litigation. *See In re Berjac of Oregon*, 538 B.R. 67, 86-87 (D. Or. 2015) (denying the defendants' motion to dismiss and stating, "the Court declines to . . . use its discretion to apply the equitable doctrine of unclean hands at this early stage of the proceedings"). At this stage of the proceedings, the Court declines to apply the doctrine of *in pari delicto* and thus denies Plaintiff's motion to dismiss Valais's counterclaims.

## CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Dismiss. ECF 16. The counterclaims asserted by Valais Ventures, LLC may proceed. The Court dismisses without prejudice and with leave to amend the counterclaims asserted by James Esposito.

**IT IS SO ORDERED**.

DATED this 24th day of January, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge